# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2102

_____

Ilya Bykov,                                       *
                                                  *
        Appellant,                           *
                                                  *   Appeal from the United States
    v.                                    *   District Court for the
                                                  *   District of Minnesota.
Radisson Hotels International, Inc.;               *   [UNPUBLISHED]
Carlson Companies, Inc.;                           *
Carlson Hotels Worldwide, Inc.,                    *
                                                  *
        Appellees.                           *

_____

Submitted: December 15, 2006
Filed: February 12, 2007

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

    Ilya Bykov appeals from the district court's[1] grant of summary judgment in favor of Radisson Hotels International, Inc., Carlson Companies, Inc., and Carlson Hotels Worldwide, Inc. (collectively, defendants). We affirm.

_____

    [1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

This case arises out of Bykov's stay at the Radisson SAS Slavyanskaya Hotel & Business Center (the Slavyanskaya) in Moscow, Russia, on February 26, 2005. The defendants operate the reservation system used by the Slavyanskaya, which includes the Radisson website via which online reservations for the Slavyanskaya can be made.

Prior to his stay at the Slavyanskaya, Bykov had reviewed a printout generated from the Radisson website stating that the total rate for his stay at the Slavyanskaya would be 258.42 USD (U.S. dollars). This printout was obtained by one of Bykov's employees, Tatiana Gubanova, after she conducted a search for hotels in Moscow. After reviewing the printout, Bykov decided to stay at the Slavyanskaya and Gubanova made the reservation for him.

At the time Bykov's reservation was made, the Radisson website disclosed that the Slavyanskaya required charges to be paid in Russian rubles and that the room rate quoted in dollars would therefore be converted to rubles at the time of payment using the hotel's internal exchange rate. Bykov stated that he looked only at the quoted rate listed on the printout when making his decision to stay at the Slavyanskaya and that he had never personally visited the Radisson website prior to his stay. Gubanova acknowledged that she had viewed the website, but has no memory of looking at any rate information other than the quoted rate listed on the website. She further acknowledged that she would not have paid attention to this information even if she had seen it.

At checkout, Bykov received a bill from the Slavyanskaya showing a charge of 258.42 CU (currency units), which matched the dollar amount he had earlier been quoted. The bill also reflected the total amount listed in rubles (8269.44), which had been calculated using the hotel's internal exchange rate of 32 rubles to one dollar. When Bykov later received his credit card statement, it correctly reflected a charge of 8269.44 rubles for his stay. The credit card company, however, subsequently converted this ruble amount to dollars using the official exchange rate (approximately

27 rubles to one dollar at the time) and charged Bykov $304.32 for his stay. This was $45.90 more than he had originally been quoted – a difference that can be attributed to the different exchange rates used by the Slavyanskaya and the credit card company.

Contending that the defendants' representations on the Radisson website regarding the room rates at the Slavyanskaya were deceptive and misleading, Bykov brought this action, asserting claims for violations of the Minnesota Deceptive Trade Practices Act, MINN. STAT. §§ 325D.44-.48, the Minnesota Prevention of Consumer Fraud Act, MINN. STAT. §§ 325F.68-.70, the Minnesota False Statement in Advertisement Act, MINN. STAT. § 325F.67, and a claim for unjust enrichment. The district court granted summary judgment in favor of the defendants and dismissed all of Bykov's claims. In dismissing the consumer protection claims, the court concluded that Bykov had failed to establish a causal connection between the defendants' alleged misrepresentations and his alleged injury because 1) Bykov had never examined the Radisson website or the other information regarding the Slavyanskaya's pricing practice prior to staying at the hotel and 2) Gubanova did not remember reviewing the other information regarding the hotel's pricing practice, and stated that she would not have paid attention to it even if she had seen it. In dismissing the unjust enrichment claim, the court concluded that Bykov had not established any of the requisite premises for such a claim and that he also lacked standing because Bykov's company, and not Bykov, paid the hotel bill and suffered the alleged injury.

Having reviewed *de novo* the district court's grant of summary judgment, Johnson v. Hamilton, 452 F.3d 967, 971 (8th Cir. 2006), we conclude that the dismissal of Bykov's claims was proper for the reasons set forth by the district court. Accordingly, we affirm on the basis of the district court's opinion. See 8th Cir. Rule 47B.

_____